PROPRIETORS OF THE SOUTH CONGREGATIONAL MEETING-HOUSE IN LOWELL *vs.* HOYT W. HILTON & another.

Shops in the lower story of a building were "leased, demised and let" by indenture, "provided that" the lessee at his own expense should build a new front according to certain plans, with glass of a certain quality, "and provided further that" no fuel but anthracite coal should be used therein; that all repairs should be made by the lessee; and that the indenture should be forfeited or not, at the option of the lessor, by the infringement of any of its provisions. *Held,* that the provision for putting in glass of a certain quality was not a condition precedent to the vesting of the lessee's estate.

A stipulation to use in a building "the best French plate double thick glass, similar to that used" in a certain other building, requires the use of glass of a fair sample of the quality specified, and not that each plate should be the best possible specimen of its kind.

WRIT OF ENTRY to recover possession of three shops under the demandants' meeting-house. The tenants pleaded nul disseisin, and specified in defence a lease from the demandants.

At the trial before *Thomas,* J., the tenants introduced an indenture, dated February 7th 1856, whereby the demandants " do lease, demise and let " to the tenants " three stores " under the demandants' meeting-house, " to be used as dry goods stores ; provided that said lessees erect, complete and finish, in a good and substantial and workmanlike manner, and in strict conformity and keeping with the plans and specifications of the architect, Mr. James H. Rand, a new front to said stores at their own expense, the glass used in the same being of the best French plate double thick glass, similar to that used in the stores under the city hall ; and provided further, that no fuel but anthracite coal shall be used in said stores ; that all repairs shall be made by said lessees ; and that this indenture shall be forfeited or not, at the option of the lessors, by the infringement of any one of its provisions ; " to have and to hold the premises for the term of ten years from the date hereof, at a yearly rent of $1000, payable quarterly in advance, beginning on the 1st of March 1856.

The demandants contended that the provisions as to repairs and alterations of the premises, and the glass in the windows thereof, were all conditions precedent, a compliance with which

must be shown in order to give the tenants any estate in the premises. But the judge ruled otherwise, and instructed the jury " that to enable the demandants to recover, they must show a breach of the condition of the lease, and an entry on the premises claiming a forfeiture; that the burden was on them to show that the glass actually used by the tenants was not such as was described in the lease ; that this provision required the best quality or kind of thick French plate glass ; that no question had been made as to the thickness of that used ; that the jury would inquire whether there was an article of manufacture and merchandise known as the ' best French plate glass ;' if so, the provision of the lease required the use of that quality ; that in articles of the same quality or kind of goods, there might be slight differences ; that this provision required that the glass used should be a fair sample of that kind or quality, and not that each plate should be the best possible specimen of the kind ; it was to be similar to that in the stores under the city hall, that is, of the like quality or kind ; there might be a slight difference between the two as samples of a quality or kind, and yet the one used fairly meet the contract ; that it would be no answer to say, if it was not the best French plate, it was as good, or nearly as good ; and that it was for the demandants to show that the tenants had failed to put in such glass." The jury returned a verdict for the tenants, and the demandants alleged exceptions.

*B. F. Butler*, for the demandants.

*T. H. Sweetser*, ( *S. A. Brown* with him,) for the tenants.

BIGELOW, J. If the clause in the lease on which the demandants rely can be properly interpreted as creating a condition, we cannot doubt that it is a condition subsequent, and not precedent, so that the premises vested presently in the tenants under the demise. This is wholly a question of intent, to be gathered not only from the words in which the particular clause is expressed, but also from the subject matter to which the supposed condition relates, and from other parts of the instrument. Looking at these, the following are the leading features which seem to indicate that the condition is subsequent.

First. The words, " do lease, demise and let" import the creation of a term to begin presently and not at a future day upon a contingency.

Second. The term is definitely fixed for a period of time, being for ten years, not from the time when the condition shall be complied with by the lessee, but from a designated day, namely, the first day of March subsequent to the date of the lease.

Third. There is no day named or time fixed when the rent shall begin. The presumption is, when the commencement of the lease is not otherwise designated, that it begins when the leases are executed and delivered.

Fourth. The clause contemplates a thing to be done by the lessee, and no time is fixed within which he is bound to perform it. The condition would be saved, if fulfilled within a reasonable time. But for aught that appears in the case, a compliance with the stipulations might reasonably occupy a period of time extending beyond the day when the rent reserved begins to accrue and is payable. Rent is in its nature a return for the use of the land, or something issuing out of it as a compensation for its beneficial occupation and enjoyment, and implies that the term has begun and the estate in the demised premises is vested in the lessee.

Fifth. A compliance with the condition does not of necessity precede the vesting of the estate under the demise, nor does it constitute the sole or chief consideration for the grant of the term ; on the contrary, it is a condition by the performance of which an estate previously vested may be kept and retained.

Sixth. The act to be done in order to fulfil the condition necessarily implies that the lessee is, for the purpose of its fulfilment, to be in the exclusive possession and control of the demised premises.

Seventh. It is unreasonable to suppose that a party would enter into a condition precedent on such a subject, by which he might lose entirely all benefit of the lease, after incurring large expenditures for extensive repairs on the premises, by a slight omission to comply with the terms of the alleged conditions. The language ought to be clear and unambiguous, and

incapable of any other reasonable interpretation, to lead to such a conclusion.

Eighth. The clause which stipulates that the " indenture shall be forfeited or not at the option of the lessors by the infringement of any of its provisions," seems to imply that an interest or estate under it vested in the lessees. Forfeiture implies the taking away or loss of something in possession.

Ninth. The application of the maxim *noscitur a sociis* clearly indicates that the condition was intended to be subsequent. It is comprehended under the same proviso, and created by the same words, as the stipulation that " no fuel but anthracite coal shall be used " on the premises, and that all repairs during the term shall be made by the lessees. Neither of these can be regarded as a condition precedent.

· Upon these grounds we are of opinion that the proper construction was put on the lease at the trial, and that the demandants were bound to show an entry for breach of the condition before they could maintain their action to recover the premises. ·

The case was submitted to the jury with instructions on the other points raised, which seem to us to have been correct and appropriate. *Exceptions overruled.*